IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JUSTIN EMMANUEL STEPHENSON,    )
                                )
        Petitioner,              )
                                )
    v.                           )       1:20CV882
                                )       1:19CR334-1
UNITED STATES OF AMERICA,        )
                                )
        Respondent.              )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action filed a Motion [Doc. #13] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. However, he failed to sign the Motion, which led the Court to strike it and allow him to file a Corrected Motion [Doc. #15] and Memorandum [Doc. #16]. The Government filed a Response [Doc. #24], but Petitioner did not file a Reply despite being notified of his right to do so. His Corrected Motion is now before the Court.

### Case History

Petitioner was charged in case 1:19CR181-1 with a single count of possession of a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He entered a plea agreement, but the decision in Rehaif v. United States, ___ U.S. ___, 139 S. Ct. 2191 (2019), rendered the Indictment in that case defective, leading the Government to dismiss it and charge Petitioner in an Information [Doc. #1] in the present case likewise alleging a single count of possession of a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Petitioner then pled guilty to the Information and

received a sentence of 70 months of imprisonment. He did not file a direct appeal, but instead brought his Motion in this case.

## Claims

Petitioner raised three claims for relief in his initial Motion. The first was that he received ineffective assistance of counsel because his attorney incorrectly advised him that he would receive sentencing credit against his federal sentence for all time spent in custody after his initial arrest on state charges on April 10, 2019. (Motion, § 12, Ground One.) The second was that he received ineffective assistance of counsel because his attorney incorrectly advised him that once state drug charges were dropped, he would not be punished or enhanced based on those charges at sentencing. (Id., Ground Two.) Finally, he alleges that his attorney incorrectly advised him that Rehaif would not apply to him. (Id., Ground Three.) In Petitioner's Corrected Motion, he raises somewhat different claims by combining the first two claims from his original Motion into one claim, dropping the Rehaif-related claim, and adding a claim that he received ineffective assistance of counsel because his attorney did not argue that his sentence should be no higher than the average sentence in the Fourth Circuit of 42 months for possessing a firearm after a felony conviction. (Corrected Motion, §12.)

## Discussion

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). With respect to the performance prong of Strickland, a petitioner bears the burden of affirmatively showing deficient performance, that is, that counsel's performance fell below

an objective standard of reasonableness under prevailing professional norms. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). In considering such a contention, the Court reviews counsel's conduct with a "deferential eye" and "presume[s] that challenged acts are likely the result of a sound trial strategy." Id. With respect to the prejudice prong of Strickland, to show prejudice the petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal quotation omitted).

Petitioner contends in both his original Motion and Corrected Motion that counsel misinformed him regarding the calculation of his pretrial detention credit and regarding whether or not drugs associated with his arrest could be used as the basis for sentencing enhancements. Petitioner cannot base a § 2255 claim on disappointment or unmet expectations. Instead, he would need to show that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52 (1985). In making this determination, the Court must consider whether "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). Here, Petitioner does not even appear to claim that he would not have pled guilty if he had known of the credit calculation and that the drugs could be used for a sentencing enhancement. Nor would have such a decision been rational. Going to trial would not have changed the sentencing calculation or the use of the drugs to calculate his sentence. Only a win at trial would have benefitted Petitioner, and that result would have been extremely unlikely given that Petitioner had two prior felony convictions, that law enforcement

located a firearm under his seat during a traffic stop, that two witnesses reported seeing Petitioner with a firearm in a hotel room, that Petitioner possessed the key card to that room when arrested, and that law enforcement found ammunition in the hotel room matching the ammunition in the gun under Petitioner's seat. (Presentence Report [Doc. #10] ¶¶ 6, 8-9, 12-13.) Therefore, any contention that his guilty plea is invalid due to ineffective assistance of counsel fails.

Petitioner also contends in his Corrected Motion that counsel provided ineffective assistance by not arguing at sentencing that he should receive a downward departure because he had been held in a federal holding facility for several months after his arrest but would not receive credit for that time against his sentence in this Court. It was clear in the record at the time of Petitioner's sentencing that he was previously convicted in August 2018 on state drug charges unrelated to the offense charged in the present case, which was a month later in September 2018. It was also clear that he was arrested in September 2018 on state, not federal, charges. (Id. ¶¶ 10, 50-52.) At the time of the September 2018 state arrest, he was an absconder from state supervision on the prior August 2018 conviction. (Id. at ¶ 43.) Online records of the North Carolina Department of Public Safety reflect that Petitioner's supervision was revoked and he served his state sentence for the August 2018 conviction from October 2018 until January 2019. The records further reflect that he was released in January 2019 but was charged soon thereafter in March 2019 for violation of post-release supervision after cutting off his electronic monitor, and served a sentence for that revocation from May 16, 2019 to February 8, 2020. Thus, the time in custody from May 2019 to February 2020 was for a revocation of state post-release supervision in the August 2018 drug case, unrelated to

the offense charged in the present case. He appeared in this Court on a writ. It is not clear why Petitioner believes that the time he spent serving an unrelated state revocation sentence should run concurrently with his federal sentence on unrelated conduct. However, it is clear that his attorney would have had no viable grounds for arguing that Petitioner deserved a downward departure to somehow account for the revocation sentence. As it was, the sentencing judge sentenced Petitioner at the bottom of the advisory Guidelines range. (Presentence Report ¶ 77; Sentencing Tr. [Doc. #19] at 3.) It is highly unlikely that an argument that Petitioner's federal sentence should be shortened because he had an unrelated state revocation sentence to serve would have prevailed. Petitioner's attorney did not provide deficient representation by failing to raise such an argument and, in any event, Petitioner again cannot show prejudice. His first claim for relief should be denied.

The remaining claim in Petitioner's Corrected Motion is that his attorney provided ineffective assistance by not arguing to the sentencing judge that, despite the calculation in Petitioner's case of an advisory Guidelines range of 70 to 87 months, Petitioner should receive a sentence in line with what he claims is the average sentence of 42 months received by persons convicted of being felons in possession of a firearm with a criminal history of III. Petitioner's claim is conclusory in that he cites no source for his assertions regarding average sentences. Moreover, his claims fails even if his assertion is correct. As an initial matter, Petitioner had a criminal history category of IV, not III. (Id.) He also did not merely possess a firearm after a felony conviction. The firearm was stolen and he was dealing drugs while in possession of this and at least one other firearm on multiple occasions while absconding from supervision on prior drug charges. (Presentence Report ¶¶ 9-14, 43.) All of these factors either explicitly

increased the advisory Guidelines range in his case or would have blunted any argument for a downward departure based on an "average" case. Petitioner's attorney again did not perform deficiently in failing to raise such an argument and did not prejudice Petitioner.

Finally, as noted earlier, Petitioner raised a claim related to Rehaif in his initial motion, but not his Corrected Motion. Therefore, it appears that he abandoned this claim. To the extent that he did not, it fails in any event. The claim alleges that his attorney provided ineffective assistance because he advised Petitioner that Rehaif "would not apply to [him] because the government did not prove that [he] possessed a firearm that was found under a seat in a car that did not belong to [him]." (Motion § 12, Ground Three.) This claim is nonsensical given that Rehaif did not involve an issue regarding whether or not a defendant possesses a firearm, but rather whether or not the Government must prove that a defendant accused of violating § 922(g)(1) knew that he had a status that rendered him ineligible to possess a firearm, which in this case is that he had been convicted of an offense carrying a penalty of more than a year of imprisonment at the time he possessed a firearm. Rehaif, 139 S. Ct. at 2200. The element discussed in Rehaif was explicitly alleged in the Information and admitted by Petitioner during his guilty plea. (Plea Tr. [Doc. # 18] at 8-9, 23-24.) Further, Petitioner previously received a sentence of 8 to 19 months for methamphetamine convictions (Presentence Report ¶¶ 42, 43). He clearly knew of these sentences.[1] Petitioner's attorney could not have raised any claim related to Rehaif or prejudiced him concerning any advice given related to that case. All of Petitioner's claims fail and should be denied.

---

[1] Indeed, the sentencing judge noted that it would have been "hard for him to have denied knowledge of his felony conviction, when it was just two weeks before he had possession of the firearm." (Sent. Tr. [Doc. #19] at 4.)

IT IS THEREFORE RECOMMENDED that Petitioner's Corrected § 2255 Motion [Doc. #15] be denied, that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 14th day of June, 2023.

/s/ Joi Elizabeth Peake
United States Magistrate Judge